IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY KROECK** and all others similarly situated, | : : : | "JURY TRIAL DEMANDED" |
| | : | District Judge: ___Wiegand___ |
| **Plaintiffs,** | : : | |
| Vs. | : | Magistrate Judge:_____ |
| **WEST PENN ALLEGHENY HEALTH SYSTEM, INC.** d/b/a **ALLEGHENY GENERAL HOSPITAL,** a fictitious name; **ALLEGHENY HEALTH NETWORK; UKG, INC.;** and **KRONOS INCORPORATED,** | : : : : : : : : | Document:_____ Civil Action: 2:22-cv-66 |
| **Defendants.** | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **COMPLAINT – CLASS ACTION**

By and through the undersigned counsel, Plaintiffs hereby bring this class action lawsuit seeking all available relief under the Pennsylvania Minimum Wage Act, the Fair Labor Standards Act, Wage Payment and Collection Act and make the following claims for Breach of Contract, Unjust Enrichment and Negligence.

## **PARTIES**

1. Plaintiff, Larry Kroeck, is an adult individual who resides in Allegheny County, Pennsylvania.

2. Defendant West Penn Allegheny Health System, Inc. d/b/a Allegheny General Hospital, is a non-profit medical care provider incorporated under the laws of the Commonwealth of Pennsylvania with a business address of 320 North Avenue, Pittsburgh, Allegheny County, Pennsylvania 15212.

1

3. Defendant, Allegheny Health Network, is a non-profit medical care provider or network operating under the laws of the Commonwealth of Pennsylvania with a business address of 120 Fifth Avenue, Pittsburgh, Allegheny County, Pennsylvania 15222.

4. Defendant, UKG, Inc., is a business incorporated under the laws of Delaware with a business address of 900 Chelmsford Street, Lowell, Middlesex County, Massachusetts 01851 and, also, doing business throughout the Commonwealth of Pennsylvania, at all times relevant herein.

5. Defendant Kronos Incorporated, is a business incorporated under the laws of the Commonwealth of Massachusetts with a business address of 900 Chelmsford Street, Lowell, Middlesex County, Massachusetts 01851 and, also, doing business throughout the Commonwealth of Pennsylvania, always relevant herein.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over each Defendant.

7. Venue in this Court is proper because, *inter alia*, each Defendant is headquartered in and/or regularly conducts business in Allegheny County, Pennsylvania.

## FACTS

8. Defendant, West Penn Allegheny Health System, Inc. d/b/a Allegheny General Hospital, a fictitious name (hereafter "AGH") is in the business of providing health care services to residents of Pittsburgh's North Side and surrounding communities since 1886.

9. Defendant, Allegheny Health Network (hereafter "AHN"), is in the business of providing an integrated health system dedicated to providing care to people in our communities since 2013.

10. Defendants AGH and AHN employs individuals who are paid on an hourly basis and provide health care and other services to Defendant's customers.

11. Defendant UKG, Inc. (hereafter "UKG") and Defendant Kronos Incorporated (hereafter "Kronos") provide human relations services to businesses including AGH and AHN with several employees to bring all the timekeeping data into a payroll system with the push of a button.[1]

12. Plaintiff is employed by Defendants AGH/AHN by way of an oral employment contract as a food service associate in the cafeteria at AGH providing meals to inpatient and outpatient customers.

13. Because Plaintiff and other staff are often credited with working 40 or more hours per week, much of the uncredited time described in paragraph 8 would be compensable at a "time and one-half" overtime premium rate. Additionally, other time worked by class representative Kroeck was to be credited at a higher pay rate as he worked during the winter holidays of 2021.

---

[1] https://www.ukg.com/solutions/ukg-ready?link=hp-card.

14. It is believed and therefore averred that sometime on or before December 19[2], 2021, and January 2, 2022, (the, "Applicable Pay Period") that the Defendants AGH and AHN software through Defendant Kronos Incorporated, failed in its entirety due to ransomware.[3] [4]

15. It is believed and further averred that as a result of the payroll software failure through Defendant Kronos, Defendants AGH and/or AHN estimated the pay for the employees for the Applicable Time Period based on a previous pay period of November 7, 2021, to November 21, 2021 (the "Estimated Pay Period"). It is believed and therefore averred that at that time employees of AGH and AHN were paid for their hours for the Applicable Pay Period based on the time they worked for the Estimated Pay Period with the addition of eight (8) hours of time for each employee.

16. It is believed and further averred that Plaintiff and other class members similarly situated, worked overtime hours, in efforts to garner a higher pay period during the Applicable Pay Period in order to make more money during the holiday season.

---

[2]. Kronos disclosed a data breach on 12/12/21, but it is unknown when the other Defendants' systems failed. https://www.ukg.com/KPCupdates#IMP-12-12-1237-pm. (accessed January 11, 2022).

[3]. See generally, https://wyattfirm.com/kronos-payroll-ransomware-attack-implicates-potential-data-breach-notification-obligations/ (accessed January 11, 2022). UKG, Inc., a company that provides payroll support services known as KRONOS for many U.S. companies, began notifying its customers on December 12, 2021, that the KRONOS Private Cloud (KPC) had been attacked by ransomware. The KPC products include Workforce Central, TeleStaff, Healthcare Extensions and Banking Scheduling Solutions. UKG reports that the KPC solutions may be unavailable for "several weeks." Affected companies are diligently working to find alternative solutions to process their payrolls in the interim. UKG has created a KPC Incident Resource Hub (accessed January 11, 2022) to assist customers impacted by the KPC disruption in services. The American Hospital Association (AHA) reported (accessed January 11, 2022) that the ransomware attack has impacted many hospitals and health systems that rely on KRONOS for timekeeping, scheduling and payroll.

[4]3. Ransomware is malware that employs encryption to hold a victim's information at ransom and user or organization's critical data is encrypted so that they cannot access files, databases, or applications, which ransom is then demanded to provide access. Ransomware is often designed to spread across a network and target database and file servers and can thus quickly paralyze an entire organization. It is a growing threat, generating billions of dollars in payments to cybercriminals and inflicting significant damage and expenses for businesses and governmental organizations. https://www.mcafee.com/enterprise/en-us/security-awareness/ransomware.html (accessed January 11, 2022).

4

17. Plaintiff Kroeck worked fewer hours during the Estimated Pay Period as he was injured while performing his work duties at AGH and required medical treatment. As a result he was forced to use Paid Time Off during the time of the Estimated Pay Period which lowered his overall earnings for that pay period.

18. It is believed and therefore averred that Plaintiff as well as others similarly situated, may have worked fewer hours during the Estimated Pay Period from November 7, 2021, to November 21, 2021, than during the Actual Pay Period even with the inclusion of the eight (8) hours of additional pay.

19. During the Applicable Pay Period from December 19, 2021, to January 2, 2022, Plaintiff as well as others similarly situated, worked overtime or for higher rates of holiday pay, which would have provided Plaintiff and others similarly situated overtime wages that they were not paid due to the refusal of their supervisors to compute their time without the aid of Kronos software.

20. Plaintiff Kroeck complained to his supervisors of this discrepancy in his pay check. Although he worked a total of 134 hours during the Applicable Pay Period he was only paid for 80 hours of work based on the computation from the Estimated Pay Period. Plaintiff Kroeck was told by one of his supervisors, "nothing could be done and there were 2000 other Larry Kroeck's with the same problem."

21. It is believed and furthermore averred that Plaintiff lodged additional complaints to other supervisors so that he could be compensated for the time worked but nothing was done.

22. Plaintiff Kroeck complained that he should be paid for the time he worked. He was given a second paycheck for actual time worked but not for his overtime. His supervisor told

5

him that this was their way of handling it for the time being. As of the date of filing Plaintiff Kroeck has still not been paid for his overtime or holiday pay. A letter posted at AGH to one of Plaintiff's supervisors, Dave Sholtes, recognizes that this issue has not been resolved and that hourly employees are currently being paid off of the Estimated Time Period as opposed to hours actually worked.

23. It is believed and therefore averred that the additional eight (8) hours of pay that was provided to employees under the computation from the Estimated Pay Period was to silence Plaintiff and others similarly situated to halt complaints about their incorrect pay. This additional eight (8) hours of pay was not added to Plaintiff's time worked for the pay period following the Actual Pay Period.

24. At all times relative hereto and before this incident complained, Plaintiff and others similarly situated, had to manually keep time or track of the hours worked, in addition to, adding those hours on the software which coincidentally failed and was controlled by Defendant Kronos Incorporated.

25. As a result, Defendants AGH and AHN should have utilized the manually tracked hours worked by Plaintiff and others similarly situated to properly compensate them during the Actual Pay Period; however, they did not and improperly estimated their pay period using the dates of Estimated Pay Period, with the addition of eight (8) hours of pay to silence further complaints.

### Class I

26. Plaintiff brings this lawsuit as a class action on behalf of himself and all individuals who have worked for Defendants AGH and AHN as hourly staff who have not been paid for overtime or holiday pay that they are owed.

### Class II

27. Plaintiff brings this lawsuit as a class action on behalf of himself and all other individuals within the Commonwealth of Pennsylvania who have not been paid their proper wages due to the failure of Kronos software.

### CLASS ACTION ALLEGATIONS

28. This action is properly maintained as a class action pursuant to Pennsylvania Rules of Civil Procedure 1702, 1708, 1709 and the class is so numerous that joinder of all individual members is impracticable.

29. Defendant's conduct with respect to Plaintiff and the class raises questions of law and fact that are common to the entire class.

30. Plaintiff's claims and Defendant's anticipated defenses are typical of the claims or defenses applicable to the entire class.

31. Plaintiff's interests in pursuing this lawsuit are aligned with the interests of the entire class.

32. Counsel will fairly and adequately protect class members' interests because they are experienced and well-financed counsel free of any conflicts of interest and are prepared to vigorously litigate this action on behalf of the entire class.

33. A class action provides the fairest and most efficient method for adjudicating the legal claims of all class members.

## COUNT I – Pennsylvania Minimum Wage Act

**Plaintiffs v. All Defendants**

34. All previous paragraphs are incorporated as though fully set forth herein.

35. All Defendants are defined as an employer covered by the Pennsylvania Minimum Wage Law (hereafter "PMWA").[5]

36. PMWA's overtime pay mandate, and Plaintiff and the class members are employees entitled to the PMWA's protections.

37. The PMWA requires Defendants to pay named Plaintiff and other class members overtime premium compensation calculated at 150% of their regular pay rate for all hours worked over 40 per week. 43 P.S. §§ 333.101, et seq.

38. Defendants violated the PMWA by failing to pay Plaintiff and other class members for all hours worked over 40 per week and for holiday paay during the Actual Pay Period.

## COUNT II – Fair Labor Standards Act

**Plaintiffs v. All Defendants**

39. All previous paragraphs are incorporated as though fully set forth herein.

40. All Defendants are defined as an employer covered by the Fair Labor Standards Act (hereafter "FLSA").[6]

---

[5]4.   43 P.S. §§ 333.101 (g) "Employer" includes any individual, partnership, association, corporation, business trust, or any person or group of persons acting, directly or indirectly, in the interest of an employer in relation to any employe[e].

8

41. FLSA'S overtime pay mandate, and Plaintiff and the class members are employees entitled to the FLSA's protections.

42. The FLSA requires Defendant to pay Plaintiff and other class members overtime premium compensation calculated at 150% of their regular pay rate for all hours worked over 40 per week.  29 U.S.C. § 201, et seq.

43. Defendant violated the FLSA by failing to pay Plaintiff and other class members for all hours worked over 40 per week.

### COUNT III – Pennsylvania Wage Payment and Collection Act

### Plaintiffs v. Defendant AGH and AHN

44. All previous paragraphs are incorporated as though fully set forth herein.

45. Defendant is defined as an employer covered by the Pennsylvania Wage Payment and Collection Act (hereafter "WPCA").

46. WPCA'S mandate Plaintiff and the class members are employees entitled to the WCPA's protections.

47. The WCPA requires Defendant to pay Plaintiff and other class members Twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater.  43 P.S. § 260.1 et seq.

48. Defendant violated the WCPA by failing to pay Plaintiff and other class members for all hours worked over 40 per week.

---

[6]5. 29 U.S.C. § 203 (d) "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

## COUNT IV – Breach of Contract

### Plaintiffs v. All Defendants

49. All previous paragraphs are incorporated as though fully set forth herein.

50. Plaintiff and other class members entered an employment agreement with Defendants AGH and/or AHN and were third party beneficiaries of a payroll agreement with Defendant UKG, Inc. and Defendant Kronos Incorporated.

51. The basis of the agreement between Plaintiff and Defendant consisted of providing employment services to Defendant in exchange for payment of wages and timekeeping by Defendants.

52. Defendants breached these agreements by failing to pay all wages due and owing to the Plaintiff and class members.

53. Due to these breaches, Plaintiffs have suffered injuries and damages thereby.

54. Defendant breached employment, payroll, and time keeping agreements by failing to pay Plaintiff and other class members for all hours worked over a 40-work week.

## COUNT V – Unjust Enrichment (In the Alternative)

### Plaintiffs v. Defendants AGH and AHN

55. All previous paragraphs are incorporated as though fully set forth herein.

56. The Pennsylvania unjust enrichment doctrine allows a Plaintiff to recover damages when he: (i) has conferred a benefit on the defendant; (ii) the benefit has appreciated to the Defendant; and (iii) under the circumstances, it is inequitable for the Defendant to retain the benefit without payment of value. This claim is brought in the alternative to Count IV.

57. Plaintiff and other class members conferred a benefit on Defendants through their willingness to work, and Defendant benefited from such work.

58. It is inequitable for Defendants to retain the benefits of work or payment without compensating Plaintiff and other class members what is due and owing to them as wages.

59. As such, Defendant has been unjustly enriched.

## COUNT VI – Negligence

## Plaintiff's v. All Defendants

60. All previous paragraphs are incorporated as though fully set forth herein.

61. Defendants had a duty or obligation under industry standards and recognized by the law, to pay the Plaintiff and class members wages earned for the time worked during the pay period of December 19, 2021, to January 2, 2022.

62. Defendants had a duty to exercise reasonable care to protect Plaintiff and class members personal and financial information within its possession or control from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties by virtue of ransomware.

63. Plaintiff and class members further assert that Defendants undertook a duty of care to ensure the security of their information considering the special relationship between them, whereby Defendants required Plaintiff and class members to provide the information as a condition of their employment.

64. Plaintiff and class members assert Defendant's duty included, among other things, designing, maintaining, and testing its security systems to ensure that Plaintiff and class

members information was adequately protected, and implementing processes that would detect a breach of its security systems in a timely manner.

65. Plaintiff and class members further assert Defendant's breached its duty to use reasonable care by failing to adopt, implement, and maintain adequate security measures to safeguard their financial and personal information, failing to adequately monitor the security of its networks, allowing unauthorized access financial information, and failing to recognize in a timely manner that Plaintiff and class member's information had been compromised.

66. Plaintiff and class members further aver that Defendants violated administrative guidelines and failed to meet current data security industry standards, specifically by failing to encrypt data properly, establish adequate firewalls to handle a server intrusion contingency, and implement adequate authentication protocol to protect the confidential information contained in its computer network.

67. Plaintiff and class member also claim Defendant's breach of its duties was the direct and proximate cause of the harm to Plaintiff and class members.

68. Finally, Plaintiff and class members allege that, as a result of Defendant's negligence, Plaintiff and class member's incurred damages and are at an increased and imminent risk of becoming victims of identity theft crimes, fraud and abuse.

69. Defendant failed to pay Plaintiff and class members wages on time and could have done so by using the manual information, which Plaintiff and class members were required to document each pay period.

70. As a result of the conduct of Defendant and their failure aforesaid, Plaintiff and class members did not receive their appropriate wages for the pay period of December 19, 2021, to January 2, 2022.

71. As a result, Plaintiff and class members suffered the actual loss of wages during the pay period resulting in injuries and damages aforesaid.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Larry Kroeck, on behalf of himself and the class, seek the following relief:

    A.    Unpaid wages to the fullest extent permitted under the law;

    B.    Prejudgment interest to the fullest extent permitted under the law;

    C.    Liquidated damages to the fullest extent permitted under the law;

    D.    Litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law; and

    E.    Any other damage not herein mentioned and recoverable by law, including a trial by jury, on all issues triable by jury, or other and further relief as this Court deems just and proper.

Respectfully submitted,

                        **Kobylinski and Kobylinski:**

                        /s/ David Kobylinski
                        David M. Kobylinski, Equire
                        515 Court Place, Suite 4
                        Pittsburgh, PA 15219
                        412.281.660
                        Dave@koby.law


                        **LJK LAW PLLC:**

                        /s/ Louis J. Kroeck, IV
                        Louis J. Kroeck, IV, Esquire
                        1200 Sarah Street
                        Pittsburgh, PA 15203
                        (412) 712-7605
Dated: 1/12/22            Lou@Ljk-law.com

14